# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Borough of California | : | |
| | : | |
| v. | : | No. 622 C.D. 2015 |
| | : | Argued:  April 12, 2016 |
| Zoning Hearing Board of | : | |
| California Borough and | : | |
| Jeffrey Maund and Eric Pagac | : | |
| | : | |
| Appeal of:  Jeffrey Maund and | : | |
| Eric Pagac | : | |

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**           **FILED:  June 14, 2016**


Appellants Jeffrey Maund and Eric Pagac (the landowners) appeal from an order of the Court of Common Pleas of Washington County (trial court), sustaining a land use appeal filed by the Borough of California (Borough). Through the land use appeal, the Borough challenges the landowners' claim that a deemed approval of a purported variance application had occurred.  In *Maund v. Zoning Hearing Board of California Borough* (Pa. Cmwlth., No. 206 C.D. 2015, filed June 8, 2016) (*Maund*), a companion case to this matter, we affirmed an order of the trial court sustaining preliminary objections to a complaint in mandamus filed by the same landowners (Jeffrey Maund and Eric Pagac) against the Zoning Hearing Board of the Borough of California (ZHB).  In the mandamus complaint, the landowners sought relief based on the *same* claimed deemed approval of a

purported variance application that is the subject of the matter now before this Court. In *Maund*, we held that the trial court did not err in sustaining preliminary objections to the landowners' complaint in mandamus, because *no deemed approval had occurred* with regard to the purported variance application. Our decision in *Maund*, therefore, renders moot the Borough's land use appeal now before the Court, because, as a result of that decision, no deemed approval remains to be challenged. Thus, we will dismiss the appeal as moot.[1]

_____
P. KEVIN BROBSON, Judge

---

[1] In *Maund*, the landowners contended that they filed a variance application with the Borough's Zoning Officer (ZO), seeking a hearing before the ZHB, and that the ZHB's failure to conduct a hearing resulted in a deemed approval under Section 908 of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10908. Section 908(9) of the MPC provides, in pertinent part:

> [W]here the [zoning hearing] board fails to commence, conduct or complete the required hearing as provided in subsection (1.2), the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time. When a decision has been rendered in favor of the applicant because of the failure of the board to meet . . . as hereinabove provided, the board shall give public notice of said decision within ten days from the last day it could have met to render a decision . . . . If the board shall fail to provide such notice, the applicant may do so. Nothing in this subsection shall prejudice the right of any party opposing the application to appeal the decision to a court of competent jurisdiction.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Borough of California | : | |
| | : | |
| v. | : | No. 622 C.D. 2015 |
| | : | |
| Zoning Hearing Board of | : | |
| California Borough and | : | |
| Jeffrey Maund and Eric Pagac | : | |
| | : | |
| Appeal of: Jeffrey Maund and | : | |
| Eric Pagac | : | |

# **O R D E R**

AND NOW, this 14th day of June, 2016, the appeal of Jeffrey Maund and Eric Pagac is DISMISSED as MOOT.

_____
P. KEVIN BROBSON, Judge